# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TROY LYNN SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:04-CV-1094 CAS |
| | ) | |
| DORN SCHUFFMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Alan Blake, Marty Bellew-Smith, and Linda Meade's motion to dismiss. Plaintiff filed a response in opposition to defendants' motion to dismiss. For the following reasons, the Court will grant in part and deny in part defendants Blake, Bellew-Smith, and Meade's motion to dismiss.

**Background**

Plaintiff is committed as a sexually violent predator at the Missouri Sexual Offender Treatment Center in Farmington, Missouri. Plaintiff is suing defendants Dorn Schuffman, Alan Blake, Marty Bellew-Smith, and Linda Meade.[1] In his complaint, plaintiff alleges that defendants deny him his right to provide funds for the use or benefit of another patient, to spend or otherwise use his money as he chooses, and to provide financial support to a favored cause, philosophy or ideology. Plaintiff also asserts that defendants have denied him First Amendment rights to freedom and speech, the right to due process, and the right not to be subject to limitation, and to be treated in the least restrictive environment. Defendants Blake, Bellew-Smith, and Meade filed a motion to dismiss asserting that plaintiff has failed to state a claim and plaintiff has failed to allege the capacity in which

---

[1]The summons on defendant Schuffman was returned unexecuted.

he is suing the defendants. Plaintiff asserts that he has sufficiently alleged claims against the defendants.

**Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

**Discussion**

The Eleventh Amendment bars suits against the state for monetary damages. Edelman v. Jordan, 415 U.S. 651, 663 (1973) (citations omitted). Suits against the state include those maintained against state agents in their official capacity. Thus, a plaintiff must name defendant state agents in their individual capacities in a complaint for money damages. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). See also Fed. R. Civ. P. 9(a).

Initially, the Court notes that the complaint fails to state whether claims are asserted against defendants in their official or individual capacities, or both. See Fed. R. Civ. P. 9(a). Accordingly, the Court must construe the complaint as stating a claim against defendants in their official capacities

2

only. DeYoung v. Patten, 898 F.2d 628, 635 (8th Cir. 1990). Furthermore, the complaint contains a request for monetary relief. Monetary damages are not recoverable against state officials in their official capacities. Id. Therefore, the Eleventh Amendment bars plaintiff's claims for money damages against the defendants. See Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

The Court will, on its own motion, dismiss plaintiff's claims against defendant Schuffman pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. See Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir. 1991) (sua sponte dismissal of complaint without notice to plaintiff is appropriate "when it is patently obvious that plaintiff could not prevail based on the facts alleged in the complaint.").

State officials acting in their official capacities are § 1983 "persons" when sued for prospective injunctive relief, and the Eleventh Amendment does not bar such relief. Andrus v. State of Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) (citing Ex Parte Young, 209 U.S. 123 (1908)). Plaintiff specifically requests injunctive relief against the defendants in his complaint. See Andrus, 197 F.3d at 956. Defendants did not address plaintiff's request for injunctive relief, therefore, the claims for injunctive relief remain in this case.

**Defendant Schuffman**

This case was filed on August 8, 2004. The summons for defendant Dorn Schuffman was returned to the Clerk of Court unexecuted on March 8, 2005. The Clerk of the Court will be directed to send plaintiff alias summons and Marshal's forms. Plaintiff shall fully complete these forms, providing the proper name and address for service of process on this defendant, and return the forms to the Clerk by June 6, 2005.

**Conclusion**

The Court will grant in part and deny in part defendants Blake, Bellew-Smith, and Meade's motion to dismiss. The monetary claims against Schuffman, Blake, Bellew-Smith, and Meade will be dismissed. The request for injunctive relief against these defendants remains. The Court will order the Clerk of Court to send plaintiff alias summons and Marshal's forms for service on defendant Schuffman. The Court will order the plaintiff to complete and return these forms to the Clerk by June 6, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Blake, Bellew-Smith, and Meade's motion to dismiss will be **GRANTED in part** and **DENIED in part**. [Doc. 14]. The motion is **GRANTED** as to plaintiff's claims against defendants Blake, Bellew-Smith, and Meade for monetary damages and **DENIED** as to plaintiff's claims for injunctive relief.

**IT IS FURTHER ORDERED** that, on the Court's own motion, plaintiff's claims against defendant Schuffman for monetary damages are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send plaintiff alias summons and Marshal's forms together with this order.

**IT IS FURTHER ORDERED** that plaintiff shall provide the Clerk of the Court with completed summons and Marshal's forms showing the proper name and address for service of process upon defendant Dorn Schuffman by **June 6, 2005**.

**Failure to comply fully and timely with this order will result in dismissal without prejudice of the claims against defendant Dorn Schuffman pursuant to Fed. R. Civ. P. 4(m).**

An appropriate order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>10th</u> day of May, 2005.